UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| KELVIN SETTLE and/or SHEILALLA SETTLE<br><br>Plaintiffs,<br><br>vs.<br><br>SOUTHWEST BANK, an M&I BANK,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>) Case No. 4:10CV119HEA<br>)<br>)<br>)<br>) |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court Defendant's Motion to Dismiss for Failure, or in the Alternative, for More Definite Statement, [Doc. No. 8]. Plaintiffs oppose the Motion. For the reasons set forth below, the Motion is granted.

## Procedural Background

Plaintiff brought this action in the Circuit Court for the City of St. Louis, Missouri. Plaintiffs' pleading was styled "Entry of Default." Defendant removed the matter based on the Court's federal question jurisdiction in that Plaintiffs attempt to assert claims under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. Defendants now move to dismiss Plaintiffs claims for failure to state a cause of action.

## Discussion

When ruling on a Federal Rule of Civil Procedure 12(b)(6) motion to dismiss for

failure to state a claim, the Court must take as true the alleged facts and determine whether they are sufficient to raise more than a speculative right to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007). The Court does not, however, accept as true any allegation that is a legal conclusion. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949-50 (2009). The complaint must have "'a short and plain statement of the claim showing that the [plaintiff] is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Twombly*, 550 U.S. at 555 (quoting Fed.R.Civ.P. 8(a)(2)) and then *Conley v. Gibson*, 355 U.S. 41, 47 (1957), abrogated by *Twombly*, supra); see also *Gregory v. Dillard's Inc.*, 565 F.3d 464, 473 (8th Cir.) (en banc), cert. denied, 130 S.Ct. 628 (2009). While detailed factual allegations are not necessary, a complaint that contains "labels and conclusions," and "a formulaic recitation of the elements of a cause of action" is not sufficient. *Twombly*, 550 U.S. at 555; accord *Iqbal*, 129 S.Ct. at 1949. The complaint must set forth "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570; accord *Iqbal*, 129 S.Ct. at 1949; *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S.Ct. at 1949. If the claims are only conceivable, not plausible, the complaint must be

dismissed. *Twombly*, 550 U.S. at 570; accord *Iqbal*, 129 S.Ct. at 1950. In considering a motion to dismiss under Fed. R. Civ. P. 12(b)(6), "the complaint should be read as a whole, not parsed piece by piece to determine whether each allegation, in isolation, is plausible." *Braden*, 588 F.3d at 594. The issue in considering such a motion is not whether the plaintiff will ultimately prevail, but whether the plaintiff is entitled to present evidence in support of the claim. See *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

Although *pro se* complaints, "however inartfully pleaded," are to be held "to less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519, 520 (1972), "a district court should not assume the role of advocate for the pro se litigant," nor may a district court "rewrite a [complaint] to include claims that were never presented," *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir.1999) (quotations omitted), cited with approval in *Palmer v. Clarke*, 408 F.3d 423, 444 n. 15 (8th Cir.2005).

Initially, Defendant correctly argues that Plaintiff Sheilalla Settle should be dismissed. It appears to the Court that Plaintiff Kelvin Settle is not an attorney and is attempting to represent Ms. Settle in this action. Unless this assumption is incorrect, Plaintiff Kelvin Settle cannot represent Plaintiff Sheilalla Settle. Sheilalla Settle has not signed any of the pleadings. As such, she is not proceeding *pro se* and is unrepresented

by counsel. Plaintiff Sheilalla Settle is therefore dismissed from this action.

With respect to Plaintiff Kelvin Settle, proceeding *pro se*, his "Entry of Default" pleading is insufficient to satisfy the minimal pleading requirements of Rule 8, which requires Plaintiff to give a short and plain statement of the claim for relief. The following can be gleaned from the pleading: Plaintiff claims to own property located in the City of St. Louis, Missouri. Plaintiff guaranteed a debt owed to Defendant, which is secured by the property. Defendant was served, presumably by Plaintiff, a "Private International Administrative Remedy Demand" and "conditional Accept for Value for Proof of Claim" on August 6, 2009. Plaintiff claims that the debt is disputed under the Fair Debt Collection Practices Act, (FDCPA), specifically, 15 U.S.C. § 1692g(b). Plaintiff further alleges that Defendant was given "the option to discharge debt" pursuant to Section 3-603 of the UCC. Plaintiff claims that Defendant has not discharged the debt in violation of the UCC by accepting his promissory note and not discharging the debt. Plaintiff claims that this is also a violation of the FDPA. Further, Plaintiff alleges that by failing to respond, Defendant accepted Plaintiff's "Conditional Accept for Value/Proof of claim for commercial discharge." Plaintiff claims that Defendant has waived all defenses to Plaintiff's claims and allegations.

While Plaintiff relies on Subsection (b) of Section 1692g, Plaintiff fails to allege the minimum allegations necessary for such a claim. Subsection 1692g(b) is dependent

upon the conditions precedent of Subsection (a) having occurred.

These Sections provide:

> a) Notice of debt; contents
>
> Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing--
>
> (1) the amount of the debt;
>
> (2) the name of the creditor to whom the debt is owed;
>
> (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;
>
> (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and
>
> (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

15 U.S.C. § 1692g(a).

> (b) Disputed debts
>
> If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) of this section that the debt, or any

> portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector. Collection activities and communications that do not otherwise violate this subchapter may continue during the 30-day period referred to in subsection (a) of this section unless the consumer has notified the debt collector in writing that the debt, or any portion of the debt, is disputed or that the consumer requests the name and address of the original creditor. Any collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor.

15 U.S.C. § 1692g(b).

Plaintiff fails to allege the condition precedent, *i.e.*, that there was an initial communication from Defendant, such that Plaintiff has failed to state a claim for relief under the FDPA. Indeed, there is no allegation whatsoever that Defendant had *any* communication with Plaintiff.

Likewise, Defendant is correct that the claims of fraud must be dismissed.

> Federal procedural law requires that allegations of fraud be plead with particularity. See Fed.R.Civ.P. 9(b). "This means the who, what, when, where, and how: the first paragraph of any newspaper story." *DiLeo v. Ernst & Young*, 901 F.2d 624, 627 (7th Cir.), cert. denied, 498 U.S. 941, 111 S.Ct. 347, 112 L.Ed.2d 312 (1990). And although we must take all factual allegations as true when considering a motion to dismiss, we need not accept conclusory legal allegations as true. *Papasan v. Allain*, 478 U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986).

*Great Plains Trust Co. v. Union Pacific R. Co.,* 492 F.3d 986, 995(8th Cir. 2007).

Plaintiff's fraud claim must therefore comply with the heightened pleading standards of Rule 9(b), which require plaintiff to plead "the circumstances constituting fraud ... with particularity." Fed.R.Civ.P. 9(b). Under Rule 9(b), a plaintiff must plead "such matters as the time, place and contents of false representations, as well as the identity of the person making the misrepresentation and what was obtained or given up thereby." *Abels v. Farmers Commodities Corp.*, 259 F.3d 910, 920 (8th Cir.2001) (quoting *Bennett v. Berg*, 685 F.2d 1053, 1062 (8th Cir.1982), adhered to on reh'g, 710 F.2d 1361 (8th Cir.1983) (en banc)). In other words, the party must typically identify the "who, what, where, when, and how" of the alleged fraud. *United States ex rel. Costner v. URS Consultants, Inc.*, 317 F.3d 883, 888 (8th Cir.2003). This requirement is designed to enable defendants to respond "specifically, at an early stage of the case, to potentially damaging allegations of immoral and criminal conduct." *Abels*, 259 F.3d at 920. The level of particularity required depends on, inter alia, the nature of the case and the relationship between the parties. *Payne v. U.S.*, 247 F.2d 481, 486 (8th Cir.1957). "Conclusory allegations that a defendant's conduct was fraudulent and deceptive are not sufficient to satisfy the rule." *Commercial Property Investments Inc. v. Quality Inns Int'l Inc.*, 61 F.3d 639, 644 (1995). Rule 9(b) should be read "in harmony with the principles of notice pleading." *Schaller Telephone Co. v. Golden Sky*

*Sys., Inc.*, 298 F.3d 736, 746 (8th Cir.2002) (quoting *Abels*, 259 F.3d at 920). *BJC Health System v. Columbia Cas. Co.* 478 F.3d 908, 917 (8th Cir. 2007).

Construing the facts as pleaded in a light most favorable to plaintiff, the court finds that the allegations of fraud contained in the fourth amended complaint do not satisfy the requirements of Rule 9(b). Plaintiff has not identified with any specificity any aspects of the transactions he believes to be fraudulent. Significantly, Plaintiff has failed to allege anything which would remotely indicate fraud. The Court agrees with Defendant that Plaintiff's somewhat incoherent pleading utterly fails to apprise Defendant of the claims against it.

Plaintiff's citations to the Uniform Commercial Code fail to state a claim because Plaintiff fails to articulate even minimal facts which would establish that Sections 3-310, 3-311 and 3-603 apply. He merely states, in an illogical fashion, that "Defendant was given the option to discharge debt. He does not, however, allege any tender of payment on the debt. Defendant cannot ascertain from this pleading what Plaintiff is attempting to charge.

## **Conclusion**

Defendant's Motion is well taken. Plaintiff's Complaint fails to state a cause of action, and therefore, pursuant to Rules 12(b)(6) and 9(b) of the Federal Rules of Civil Procedure, the Complaint must be dismissed. Plaintiff will be given 14 days within

which to file an Amended Complaint which clearly and logically sets out Plaintiff Kelvin Settle's claims.  In the event that Sheilalla Settle intends to bring suit, she must either file her suit herself or have representation by licensed attorney.  Failure to file an Amended Complaint will result in dismissal of this action with prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss, [Doc. No. 8], is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiffs are given 14 days within which to file an Amended Complaint.

Dated this 21st day of May, 2010.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE